In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00125-CV

_____

IN RE COMMITMENT OF LARRY WAYNE FOX

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-07-07145 CV

**MEMORANDUM OPINION**

Larry Wayne Fox challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013) (the SVP statute). In one issue, he maintains that the trial court erred in denying his motion for summary judgment. We conclude the trial court did not err in denying the motion, and we affirm the trial court's judgment.

The State was required to prove beyond a reasonable doubt that Fox is a sexually violent predator. *See id.* § 841.062(a) (West 2010). A person is a "sexually violent predator" subject to commitment if the person: "(1) is a repeat

1

sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West Supp. 2013). A person is a "repeat sexually violent offender" for purposes of the SVP statute if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses. *Id.* § 841.003(b) (West Supp. 2013). A "sexually violent offense" includes, among other offenses, indecency with a child and attempted sexual assault. *See id.* § 841.002(8)(A), (E) (West Supp. 2013); Tex. Penal Code Ann. §§ 15.01, 21.11, 22.011 (West 2011).

In his only issue on appeal, Fox argues that the trial court committed reversible error when it denied Fox's motion for summary judgment. In his motion for summary judgment, Fox argued that he is not a repeat sexually violent predator, as defined by section 841.003 of the Texas Health and Safety Code. Fox contends that his two predicate convictions stem from one criminal occurrence. According to Fox, other than those two convictions "for the same act," he has no other convictions which would meet the statutory requirement of a repeat sexually violent offender. He contends that "[t]he term 'repeat sexually violent offender' by plain meaning must mean that a person must have committed a sexually violent offense more than once, which further logically requires a finding of more than one criminal transaction by that person that results in convictions." According to Fox,

2

"in being charged with both Indecency with a Child and Attempted Sexual Assault for the same conduct, [his] constitutional protection against double jeopardy was violated because it amounted to multiple punishments for the same offense." Fox claims he cannot be proven to be a "repeat sexually violent offender" because he should only have one conviction for a sexually violent offense.

We review a trial court's grant or denial of a motion for summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The issue of statutory construction is also reviewed de novo. *Loaisiga v. Cerda*, 379 S.W.3d 248, 254-55 (Tex. 2012). We give effect to the Texas Legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). To prevail on a summary judgment motion, the movant must establish that no genuine issue of material fact exists and that he is entitled to a judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 548-49 (Tex. 1985). We must indulge every reasonable inference in favor of the non-movant and resolve any doubts in his favor. *Id.* at 549.

In Fox's responses to the State's requests for admissions which were admitted into evidence at trial, Fox admitted that he was convicted in 2006 of one count of indecency with a child and one count of attempted sexual assault, and that he was currently serving two eight-year sentences for those offenses. He concedes on appeal that he pleaded guilty to the offenses, and the judgments for the two convictions (showing he pleaded guilty to the offenses) were admitted at trial. The convictions are final and have not been set aside.

Fox cannot challenge the facts of his final criminal convictions in a civil commitment proceeding. *See In re Commitment of Dees*, No. 09-11-00036-CV, 2011 Tex. App. LEXIS 9807, at *16 (Tex. App.—Beaumont Dec. 15, 2011, pet. denied) (mem. op.); *In re Commitment of Hinkle*, No. 09-09-00548-CV, 2011 Tex. App. LEXIS 4504, at *16 (Tex. App.—Beaumont June 16, 2011, pet. denied) (mem. op.); *see also In re Eeds*, 254 S.W.3d 555, 557-58 (Tex. App.—Beaumont 2008, no pet.) (Defendant in SVP proceeding could not attack accuracy of statement in criminal judgment that conviction was for indecency by contact, where that judgment had not been reversed, corrected, or set aside.). The existence of Fox's prior convictions and sentences for more than one sexually violent offense was conclusively established at trial, and therefore Fox is a "repeat sexually violent offender" under the plain language of the statute. *See* Tex. Health & Safety Code

Ann. § 841.003(b). The trial court did not err in denying Fox's motion for summary judgment. We overrule Fox's sole issue on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 7, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.